```
               UNITED STATES DISTRICT COURT
                        FOR THE
                  DISTRICT OF VERMONT
                                  :
UNITED STATES OF AMERICA          :
                                  :
        v.                        :     No. 2:03-cr-17
                                  :
JEFFREY SOUTHWORTH                :
        Defendant.                :
```

## MEMORANDUM AND ORDER

Jeffrey Southworth has moved the Court to clarify or modify the requirement that he pay interest and penalties for delinquent payments imposed by the Court his judgment and commitment order. In addition he has requested that the Court order the Government to accept a modified Jeep valued at $20,000.00 in lieu of payment of his fine, interest and penalties. For the following reasons the Motion (Doc. 54) is denied.

### Background

On June 29, 2006, Jeffrey Southworth was convicted of conspiracy to possess with intent to distribute 100 kilograms or more of marijuana and was sentenced to 151 months imprisonment followed by a four-year term of supervised release, a special assessment of $100.00 and a $17,500 fine. On his judgment and commitment order, Southworth was ordered to pay the fine in a lump sum

1

immediately.  When Southworth did not pay his fine within fifteen days of judgment, the Government began charging interest at the rate of 5.27% per year and levied an additional penalty of 10% of the principal pursuant to 18 U.S.C. § 3612 (f) and (g).  In September of 2006, Southworth owed a total amount of $19,350.00 including accrued interest and delinquency penalties.

Southworth is currently incarcerated and does not possess the funds to pay the penalty he owes.  His only asset is a modified Jeep that Southworth claims is valued at $20,000.  His father has attempted to sell the vehicle to pay the fine but has been unable to do so, nor has Southworth been able to do so from prison.

### I.  Discussion

1.  Motion to clarify or modify the interest

Southworth has moved the Court to clarify the requirement that he pay interest on his fine and a penalty for delinquent payment.  He argues the intent of the Court at the time of sentencing was unclear.  His argument is based on the fact that the Court did not check the box declaring that Southworth was required to pay interest, nor did it specifically waive the interest and penalties.  Southworth also argues that the Court should waive the

interest accruing on the unpaid balance of his fine because he is unable to pay it while incarcerated.

The imposition of interest and penalties for delinquent payments is automatic and mandatory.  18 U.S.C. § 3612(f)(1) states that interest shall be imposed on any fine over $2,500.00 unless the defendant pays the fine within fifteen days of the judgment.  *See also United States v. Goode,* 342 F.3d 741, 744 (7th Cir. 2003), (holding that the imposition of interest is mandatory under 18 U.S.C. § 3612(f)(1).)

Assuming arguendo that the Court had intended to waive interest at the time of sentencing, a court has only seven days from the time of sentencing to correct a sentencing error under Rule 35(a) of the Federal Rules of Criminal Procedure.  Southworth has waived this issue by failing to raise it within seven days of judgment.

Although a court may modify interest payments pursuant to 18 U.S.C. § 3612(f)(3), if it determines that a defendant is unable to pay, this modification must occur at sentencing.  *Goode,* 342 F.3d at 744.  *See also  United States v. Ginglen*, No. 04-30052,  2007 U.S. Dist. LEXIS 74446 at *8 (C. D. Ill. Oct. 2, 2007) (interest is mandatory unless the court waives it at sentencing).

The Court has no authority to waive Southworth's interest payments under 18 U.S.C. § 3572(d)(3) either.

Section 3572(d)(3) authorizes a court to modify payment schedules for defendants who have suffered a material change in circumstances that affects their ability to pay. However, this relief is only available to defendants with court imposed payments schedules.  *United States v. Lambert*, Fed. Appx. 616, 617 ( U.S. Ct. App., 2006), (18 U.S.C. § 3572(d)(3).  Because Southworth was ordered to pay his fine immediately in a lump sum, he is not eligible for relief under § 3572(d)(3).

2.  Defendant's request that the Government accept a modified Jeep in lieu of payment.

    Under Section 3612(c) of Title 18, responsibility for collection of fines lies with the Attorney General, not with the courts.  The Government is unwilling to accept the Jeep in lieu of payment and the Court does not have the authority to force its acceptance.

### III.  Conclusion

    For the reasons stated above, the Motion to Modify or Clarify the requirement that the Defendant pay interest, fees and late penalties on his court imposed fine is DENIED. Dated at Burlington, Vermont, this 22nd day of February, 2008.

                            /s/ William K. Sessions III
                              William K. Sessions III
                              Chief Judge